EMELINE PECKHAM, Appellant, *v.* CORNELIUS D. VAN WAGENEN, Respondent.

Where a stockholder receives from a corporation dividends declared and admitted by it to be due to him on shares of the corporate stock, an action is not maintainable against him in the first instance, at the suit of one claiming to be entitled to share in the dividends, but whose rights had been ignored by the corporation, to recover as for moneys had and received, the proportion of the dividends so received, which plaintiff would have been entitled to had his shares participated.

*It seems* that the remedy of one thus wrongfully excluded from the rights of a stockholder is against the company.

He cannot follow the assets of the company.in the hands of parties to whom it has paid them, until at least he has established his rights as a creditor of the company and has exhausted his legal remedies against it.

*LeRoy* v. *Globe Ins. Co.* (2 Edw. Ch. 657), *In re LeBlanc* (75 N. Y. 598), distinguished.

(Argued November 8, 1880; decided November 30, 1880.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 19, 1879, affirming a judgment in favor of defendant, which was entered upon an order dismissing the complaint on trial.   (Reported below, 13 J. & S. 328.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Henry L. Burnett* for appellant. Plaintiff, being a stockholder, was entitled to share equally in the dividend with the other stockholders. (*Jones* v. *Terre Haute & Richmond R. R. Co.*, 57 N. Y. 196; *Luling* v. *Atlantic Mut. Ins. Co.*, 45 Barb. 510; *Harrison* v. *Mexican R. R.*, L. R. 19 Eq. 358; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159, 179; *Jones* v. *T. H.*, etc., *R. R. Co.*, 29 Barb. 353; *Foote*, appellant, 22 Pick. 299, 304; *Granger* v. *Bassett*, 98 Mass. 462; *March* v. *Eastern R. Co.*, 43 N. H. 515; *Phelps* v. *Farmers' Bank*, 26 Conn. 269; *Reese* v. *Bank*, etc., 31 Penn. St. 78; *Rider* v. *Alton*, etc., *R. R. Co.*, 13 Ill. 516, 520.) As soon as the dividend was declared, plaintiff's proportionate share became absolutely her own property. (*Jones* v. *Terre. H.*, etc., *R. R.*, 57 N. Y. 195, 207; *Hyatt* v. *Allen*, 56 id. 553, 557; *King* v. *Paterson*, etc., *R. R. Co.*, 29 N. J. L. 82; *Carpenter* v. *N. Y. & N. H. R. R.*, 5 Abb. Pr. 277; *Hill* v. *Newichawanick Co.*, 8 Hun, 459; *Beers* v. *Bridgeport Spring Co.*, 42 Conn. 17; *March* v. *Eastern R. R. Co.*, 43 N. H. 515; *Le Roy* v. *Globe Ins. Co.*, 2 Edw. Ch. 657; *Matter of Le Blanc*, 14 Hun, 8; 75 N. Y. 598; *Lowene* v. *Fire Ins. Co.*, 6 Paige, 482; *King* v. *Paterson*, etc., *R. R.*, 29 N. J. L. 88; *Hodsdon* v. *Copeland*, 16 Me. 314.) An action at law will lie against defendant for the recovery of plaintiff's property received by him. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *King* v. *Paterson*, etc., *R. R. Co.*, 29 N. J. L. 506; *Le Roy* v. *Globe Ins. Co.*, 2 Edw. Ch. 651; *Matter of Le Blanc*, 14 Hun, 8; *S. C.*, 75 N. Y. 598; *Moses* v. *Macfarlan*, 2 Burr, 1010; *Eddy* v. *Smith*, 13 Wend. 489; *Buel* v. *Boughton*, 2 Den. 91; *Barnes* v. *Johnson*, 84 Ill. 95; *Hathaway* v. *Town of C.*, 62 N. Y. 447; *Causidiere* v. *Beers*, 1 Abb. Ct. App. Dec. 333, 336; *Mason* v. *Waite*, 17 Mass. 563; *Pierce* v. *Craft*, 12 Johns. 90; *Cary* v. *Curtis*, 3 How. [U. S.] 247; *Tugman* v. *Nat'l Stshp. Co.*, 76 N. Y. 207, 210; *Ela* v. *Express Co.*, 29 Wis. 611; *Knapp* v. *Hobbs*, 50 N. H. 476; *Platt* v. *Stout*, 14 Abb. Pr. 178; *Johnson* v. *First Nat'l Bank*, 6 Hun, 124; 68 N. Y. 616; *Hodsdon* v. *Copeland*, 16 Me. 314.) Plaintiff may recover of defendant damages for the wrongful de. antion of her property.

(*Boyce* v. *Brockway*, 31 N. Y. 490, 493; *Cobb* v. *Dows*, 9 Barb. 242; *Carver* v. *Creque*, 48 N. Y. 385.) The question of defendant's knowledge of plaintiff's rights cannot affect her right to recover. (*Van Schaick* v. *Niagara F. Ins. Co.*, 68 N. Y. 434; *Bk. of U. S.* v. *Davis*, 2 Hill, 452; *The Distilled Spirits*, 11 Wall. 356, 366.) It was error to dismiss the complaint upon the ground that the corporation, or the other stockholders, should have been joined as parties defendant. (Code of Civil Proc., § 499; *Palmer* v. *Davis*, 28 N. Y. 242; *Fox* v. *Moyer*, 54 id. 125; *Van Deusen* v. *Young*, 29 Barb. 9; *Abbe* v. *Clark*, 31 id. 238; *Leavitt* v. *Fisher*, 4 Duer, 1.)

*John E. Burrill* for respondent. Even if plaintiff was a stockholder, and entitled as such to dividends, still this gave her no right to recover from the defendant any of the dividends received by him on his stock, even if they were in excess of what he was rightfully entitled to receive. (*French* v. *Fuller*, 23 Pick. 108; *Patrick* v. *Metcalf*, 37 N. Y. 332; *Butterworth* v. *Gould*, 41 id. 450; *Decker* v. *Saltsman*, 59 id. 275; *Hathaway* v. *Tison*, 54 id. 655; *Hodsdon* v. *Copeland*, 16 Me. 314; *Smith* v. *Poor*, 40 id. 415; *Gardiner* v. *Pollard*, 10 Bosw. 674, 693; *Heath* v. *Erie Co.*, 8 Blatchf. 393; *Robinson* v. *Smith*, 3 Paige, 222; *Smith* v. *Hurd*, 12 Metc. 371; *Abbott* v. *Merriam*, 8 Cush. 588; *Allen* v. *Curtise*, 26 Conn. 457.) Until plaintiff had, in a proper action, enforced her claim to be a stockholder, and compelled the corporation to admit her, she could not enforce rights peculiar to stockholders, especially as against third persons, acknowledged and admitted by the corporation to be stockholders. (*Heath* v. *Erie Co.*, 8 Blatchf. 348; *B'k of Commerce's Appeal*, 73 Penn. St. 59.)

RAPALLO, J. The plaintiff claimed that she was entitled to thirty shares of $100 each, of the capital stock of the New York & Fort Lee Railroad Company, by virtue of a payment of $3,000 made by her on the 6th of November, 1863, to the treasurer *pro tem.* of the company, upon which payment such treasurer delivered to her a certificate to the effect that she had

subscribed for said shares and had paid $3,000 therefor, and would thereby be entitled to said shares on complying with the conditions of the charter, which certificate had been lost. No certificate of the stock had ever been issued to her, but, on the contrary, her demand for one was not complied with, nor was it shown that she was credited with the shares on the stock ledger of the company.

In December, 1871, there was received by the company a large amount in cash and securities for a lease of its road. A resolution was, on the 15th of December, 1871, adopted by the board of directors authorizing a dividend of the cash which had been so received among the stockholders of the company, and on the 19th of December, 1871, a further resolution was adopted authorizing the division of the securities *pro rata* among such stockholders.

The plaintiff claimed that in paying the cash dividend, and in distributing the securities, the company ignored her rights as a stockholder, and paid the whole of the cash dividend, and distributed all the securities, to and among other persons who assumed to own and hold all of the capital stock of the company, whereby they received a larger proportion of said dividends than that to which they would have been entitled if the shares claimed by her had been taken into the account. That in this way the defendant, who was one of the shareholders recognized by the company, received a dividend upon his shares exceeding by the sum of $14,000 and upwards, in cash and securities, the proportion to which he would have been entitled had the plaintiff's shares participated, and that she was entitled to recover this sum of the defendant as money had and received to her use.

The defendant disputed the claim of the plaintiff to the shares in question, claiming that they were the same which had been surrendered long before the making of the dividends, and moved for a nonsuit on the ground that the plaintiff had shown no title to the shares claimed by her; also on the ground that even if she had shown herself entitled to the shares, this action could not be maintained. The court dismissed the complaint

without specifying upon which of these grounds it based its decision.

We are of opinion that the complaint was properly dismissed on the second ground stated, and it is, therefore, not necessary to consider whether enough was shown to require the submission to the jury of the question of the plaintiff's ownership of the shares. The defendant, in receiving the dividends paid to him, did not act, or assume to act, in behalf of the plaintiff, or to represent the shares claimed by her, or to receive any dividends payable thereon. He received only the dividends declared and admitted by the company to be due him on his own shares, his title to which shares is not disputed, and in which the plaintiff claims no interest. The amount which he received was paid to him in his own right and was conceded by the company to be due to him. There was no privity between him and the plaintiff. The complaint alleges that the company, in making the dividend and distributing the securities, disregarded and ignored the rights of the plaintiff. Her remedy, if she was wrongfully excluded from the rights of a stockholder, was against the company, and she was not entitled to follow the assets of the company into the hands of parties to whom it had made payments, and to recover her dividends from them, until, at least, she had established her right as a creditor of the company, and exhausted her legal remedies against it. She could not, in the first instance, resort to a common-law action against the persons whom the company had recognized as its only stockholders, to recover a portion of the dividends admitted to be due and actually paid to them in their own right, and try her title to the shares in actions against them. As an action for money had and received, the case falls directly within the principle of *Butterworth* v. *Gould* (41 N. Y. 450), even if the plaintiff had established a clear legal title to the shares, and a right of action against the company for the dividends thereon. The defendant received the dividends, claiming them as his own, and under no pretense of authority from the plaintiff, and the payment was made to him in recognition of his title thereto as his own, and did not pur-

port to discharge the company from its liability, if any, to the plaintiff, and the case cited as well as the prior case of *Patrick* v. *Metcalf* (37 N. Y. 332) holds in express terms that under such circumstances there is no trust and no implied promise to pay the money to the plaintiff. It cannot be said that the title to the money or securities distributed was in the plaintiff, for, in the first place, she was not an admitted stockholder of the company; but if she had been, she had no title to the assets which would enable her to follow them into the hands of third persons. The title to them was in the corporation until they were distributed, and then it passed to the distributees. If she has any claim it is against the company for not setting off to her the proportion to which she claims to have been entitled, or for not recognizing her as a stockholder. There is no precedent for an action like the present, though there have been many cases in which corporations have wrongfully refused to recognize the rights of persons claiming to be stockholders. If the plaintiff had been an admitted stockholder and a dividend had been declared upon her shares with the others, and the amount of the dividend had been placed in the hands of a third party for distribution, the case would be within some of the authorities cited, in which it was held that a trust was created in favor of the stockholder to whom the dividends were due, and that they could follow the fund in the hands of the party who had thus received it, or his transferee. (*LeRoy* v. *Globe Ins. Co.*, 2 Edw. Ch. 657; *In re LeBlanc*, 75 N. Y. 598.) But the distinction between those cases and the present is very clear. The company does not appear to have declared any dividend upon the shares claimed by the plaintiff, nor to have paid any thing to the defendant as a dividend upon those shares, or for the purpose of being paid to the holder of such shares, but, as alleged in the complaint, to have ignored that the shares were outstanding, and the claim of the plaintiff thereto.

The judgment should be affirmed.

All concur.

Judgment affirmed.