IN THE MATTER OF THE FINAL ACCOUNTING OF KENDRICK E. MORGAN, AS ASSIGNEE OF FONDA & CLARK.

IN RE CLAIM OF SCHOELLKOPF & MATTHEWS.

*County Court — jurisdiction of, over proceedings of an assignee for the benefit of creditors.*

A firm having made a general assignment, containing preferences for the benefit of certain creditors, the assignee qualified and thereafter paid to a creditor in the eighth class the amount of his debt, although the funds were insufficient to pay the creditor of the seventh class. At the time this payment was made the validity of the claim of the creditor of the seventh class was disputed, but it was affirmed by the order made upon the accounting of the assignee, and he was thereby directed to pay the balance in his hands upon the said claim. Upon this accounting the payment made to the creditor of the eighth class was not referred to, and the real balance in the hands of the assignee was in fact less than the apparent balance, by the amount of this payment. Upon this fact being subsequently discovered, the surety upon the assignee's bond and the creditor of the seventh class applied by petition to the County Court, and procured from it, upon the return of a citation, a judgment directing the creditor of the eighth class to return the amount of the said payment to the assignee:

*Held,* that the County Court had jurisdiction to entertain the petition and render the judgment.

APPEAL from a judgment of the County Court of Herkimer county.

On the 18th day of February, 1881, the firm of Fonda & Clark, of Little Falls, N. Y., made a general assignment, containing preferences, to Kendrick E. Morgan for the benefit of creditors. The assignee accepted the trust and duly executed the necessary bond with George A. Hardin and William Clark as sureties. The assignee converted the assets of said firm into money, and on the 4th day of March, 1881, proceeded to distribute said trust funds among the creditors. The assignee, inadvertently and through a mistake, paid to Schoellkopf & Matthews, of Buffalo, N. Y., appellants, who were in the eighth class, the sum of $906.25 of the said trust funds, contrary to the direction and intent of the said assignment. The assignee subsequently filed his account and gave due notice to the creditors of said Fonda & Clark, and an accounting was had before the county judge of Herkimer county. On said

accounting the National Herkimer County Bank established its claim against Fonda & Clark upon certain notes held by it, amounting to $2,865.45, which said claim was directed by the assignment to be paid in the seventh class of preferred creditors, and prior to the said claim of Messrs. Schoellkopf & Matthews. On said accounting a balance of $1,113.30 was found to be in the assignee's hands, which did not credit him with the payment of $906.25 to Messrs. Schoellkopf & Matthews, but the assignee in fact had only the difference between said $1,113.30 and $906.25 paid Schoellkopf & Matthews as aforesaid. A decree was made by the County Court directing the assignee to pay said sum of $1,113.30, the balance of the trust funds, to the National Herkimer County Bank. The said bank had no knowledge of the payment to Schoellkopf & Matthews until after the aforesaid decree was entered. Before the account was filed notice of the mistake was given and a demand was made upon Schoellkopf & Matthews by the assignee for the return of said $906.25, and they refused to return it. An order and citation was issued out of the Herkimer County Court (upon the petition of George A. Hardin, in behalf of said National Herkimer County Bank creditor, and himself as surety) directing said Schoellkopf & Matthews to show cause before that court on the 15th day of May, 1882, why the money and trust funds to the amount of $906.25, belonging to the assigned estate of Fonda & Clark should not be returned to the assignee to be by him distributed according to the terms of the assignment. The proceedings on the final accounting were duly continued to the said fifteenth day of May.

The citation was personally served on Schoellkopf & Matthews. They appeared specially on the return day of the citation by their attorneys, who filed written objections to the jurisdiction of the court. A trial was had in the matter of the final accounting, and also on the petition of said Harden, before the court, and a judgment in both matters was subsequently entered May twenty-third in the clerk's office of Herkimer county adjudging that Schoellkopf & Matthews had no legal title to the $906.25 received by them March 4, 1882, and that the legal and equitable title to such money was in the National Herkimer County Bank, providing, among other things, that K. E. Morgan, as assignee of Fonda & Clark,

recover of Schoellkopf & Matthews the sum of $973.70, the amount of said trust funds paid them by mistake as aforesaid, with interest, with thirty dollars and twenty-five cents costs and disbursements, and from that judgment this appeal is taken by Schoellkopf & Matthews.

*Day & Romer* for the appellants, Schoellkopf & Matthews.

*Kendrick E. Morgan*, respondent in person.

*A. M. Mills*, for George A. Hardin, petitioner, and the National Herkimer County Bank, respondent.

MERWIN, J. :

Under the statute (chap. 466 of 1877, § 13), the surety is recognized as a party in interest. This is for some purpose, presumably for the purpose of enabling him to protect his rights and also that he may be bound by the decree. He has the right to apply for an accounting. (Sec. 11.) This carries with it the idea that he has the right to have the estate distributed to whom it belongs. Schoellkopf & Matthews were creditors and were preferred. By accepting payment under the assignment they became parties to it. Under the statute they were interested in the fund, and, as such, entitled to notice of the accounting. They were in fact notified. The statute permitted further citations. (Sec. 20, sub. 7.) The Herkimer County Bank was also entitled to notice and was notified. So that we have a proceeding pending in the County Court in which there were as parties, legally among others, the assignee, the surety, the creditors Matthews & Schoellkopf, and the creditor The Herkimer County Bank. These are all the parties interested in this controversy.

Under the statute (§ 25), this proceeding was in a court of general jurisdiction. It had by the terms of the statute full jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and jurisdiction is presumed to exist unless the contrary be shown. It could exercise the powers of a court of equity in reference to the trust and any matters involved therein.

This broad language seems to place the County Court in a position to do all that any court could do with the parties and subject-matter legally before it. This power is not dependent on whether an action is brought. The statute recognizes the proceeding by

petition and citation. In 2 Barbour's Chancery Practice, 578, the rule is laid down, that petition may be presented in a matter over which the court has jurisdiction under some act of the legislature or other special authority. That rule applies here. The statute authorizes a trial by jury.

An implied trust exists where there is a claim which may be directly enforced at law against one party, but to the due discharge of which another party is ultimately liable, and in such a case a court of equity treats it as a trust by the party ultimately liable which may be directly enforced in favor of the party ultimately entitled to the benefit of it. (2 Story's Eq. § 1250.)

A creditor of an estate, when the executor has by mistake paid legatees or distributees before a discharge of all the debts, has a clear right in equity to follow the assets of the testator into their hands as a trust fund for the payment of his debt. (Id., § 1251.) Being ultimately responsible to pay back to the executor, if he should be compelled to pay, they may be made immediately liable to the creditor in equity. (Same section.) The creditor is not compelled to resort to his legal remedy against the executor. (MARSHALL, C. J., in *Riddle* v. *Mandeville*, 5 Cranch., 330.) If as between the executor and the party over paid, the executor has no right to recover back, then in such case it has been held that the party seeking to follow the fund must first exhaust the executor. (*Orr* v. *Kaines*, 2 Ves. Sen., 194.) In *Peckham* v. *Van Wagenen* (83 N. Y., 40, 45), the right of the prior creditor, his debt being established, and the fund set apart for him by the preference in the assignment, to follow the fund into the hands of a party not entitled to receive it is recognized. The power to give entire relief in one suit was recognized in *Wheeler* v. *Perry* (18 N. H., 307–314), and *Hood* v. *Clapham* (19 Beav., 90), the proper parties being before the court. The theory of the present statute is in the same direction. It confers power to do any and every act in relation to the assigned estate. Part of the assigned estate was in the hands of Schoellkopf & Matthews and received by them as such. It was received by the check of the assignee as such. No question is raised about the identity.

Under the assignment, the Herkimer County Bank, had an equitable lien on the assets in the hands of the assignee. This lien the

surety had the right to have enforced for his benefit. In a proper case a surety 'has the right, after the debt is due, to compel the creditor to collect. (Decolyar on Principal and Surety, 324; *Hayes* v. *Ward*, 4 Johns. Ch., 132; 5 Wait [A. & D.], 195, and cases cited.)

The County Court being deemed to be a court of general jurisdiction, had power to render a personal judgment. No question is made about the propriety of the order or decree, if there was jurisdiction in the County Court.

The foregoing considerations lead to the conclusion that, inasmuch as all the parties to this controversy were legally before the County Court in relation to a subject matter properly before it, it had under the broad language of the statute jurisdiction to make the decree appealed from, and that therefore the decree should be affirmed, with costs.

FOLLETT, J., concurs; HARDIN, P. J., not sitting.

Decree of Herkimer County Court affirmed, with costs against the appellants.