·Shultz *v.* Boyd et al.

[No. 18,594.   Filed February 3, 1899.]

Assumpsit.—*Payment to Wrong Person.*—*Life Insurance.*—An action cannot be maintained by the beneficiary of a life insurance policy against a third person to whom the amount due on the policy was paid, for the recovery of the amount paid, where it is not shown that defendant assumed to act for plaintiff in receiving the money, but collected same from the company upon a claim of right under an alleged assignment of the policy by the insured.

From the Wayne Circuit Court.   *Affirmed.*

*John L. Rupe*, for appellant.

*Thomas J. Study*, for appellees.

Baker, J.—Appellant's complaint discloses these facts: George W. Shultz on Nov. 1, 1889, procured a life insurance policy payable upon his death.   The policy recites that the application is "a part of this contract".   The application and the policy proper were made out upon a printed form.   This form consisted of one folded sheet of paper containing blanks for both the application and the policy.   In the application appears this question in printing: "Full name of the beneficiary for whom the insurance is desired?"   In answer Shultz subscribed "To my legal heirs".   In the printed form of policy a blank was left in which to write the name of the beneficiary.   The blank was in this connection: The company "doth hereby promise to pay to —— (the beneficiary under this policy) or to the legal representatives or assigns of said beneficiary, the sum of," etc.   The company wrote in this blank the name of the insured "George W. Shultz".   None of the printing was stricken out.   Shultz received the policy in this condition and retained it till Feb. 20, 1890, and paid all premiums throughout.   Shultz in-

Shultz v. Boyd.

dorsed upon the policy: "February 20, 1890. I hereby transfer the within policy to [appellees], and such sums as may be due them to be paid first. George W. Shultz." On the day mentioned he delivered the indorsed policy to appellees as security for loans and advances. This was with the consent of the company, but without the knowledge or consent of appellant. Shultz died intestate in 1893, leaving appellant his sole heir. From issuance of policy to death of insured appellant was sole heir presumptive. At Shultz's death appellees held the policy as security for more than the amount thereof. They demanded of the company payment of the full amount as due them. The company paid. They applied the amount on the debt due them from Shultz. Appellant was in no way liable on the debt. She demanded of appellees that they pay her the amount they received from the company. They refused.

Demurrer to answer was carried to complaint and sustained. Judgment on appellant's refusal to plead further.

Appellant claims that the rules of construction establish that she is the beneficiary named (by class); that she acquired a vested right to receive the insurance money from the company; that the attempted assignment was ineffectual to devest her of the right; and that appellees, having received money that she alone rightfully could collect, must account.

If the first three propositions are true, the fourth does not necessarily follow. An actor must show (1) a right (2) infringed (3) by one owing a duty correlative to the right.

If it were granted that the complaint exhibits a right, in what has it been broken in upon and by whom? Appellant asserts that she alone had the right to collect the insurance money. From that right would flow the correlative duty of the company to pay her. To pay what? Not to pay specific money that had been identified, set apart, and held by the company as custodian; but to pay from the assets generally the amount due appellant as owner of the chose in action. It is not alleged that the company's assets are insufficient.

Shultz *v.* Boyd.

Appellant's right has been infringed no more by the company's payment to appellees than it would have been by payment of the same amount to appellees or any one else upon another claim.

The complaint sets forth no duty of appellees correlated to appellant's alleged rights as sole beneficiary. They did not take from the company, with notice of appellant's rights, so much as to leave an execution ineffectual. They did not assume to act as her agents. They did not covenant with the company to take the money for her use. But they did assert a claim of right on their own account. If they obtained the money wrongfully, and if the law implies against them any promise or trust, it is not in favor of appellant. *Patrick* v. *Metcalf*, 37 N. Y. 332; *Butterworth* v. *Gould*, 41 N. Y. 450, 457; *Rowe* v. *Bank*, 51 N. Y. 674; *Peckham* v. *Van Wagenen*, 83 N. Y. 40; *Decker* v. *Saltzman*, 59 N. Y. 279; *Dumois* v. *Hill*, 37 N. Y. Supp. 1093; *Sergeant* v. *Stryker*, 1 Harr. (N. J.) 464; *Nolan* v. *Manton*, 46 N. J. L. 231; *Moore* v. *Moore*, 127 Mass. 22; *Corey* v. *Webber*, 96 Mich. 357, 55 N. W. 982; *Rand* v. *Smallidge*, 130 Mass. 337; *Goreley* v. *Butler*, 147 Mass. 8, 12, 16 N. E. 734; *Hopkins* v. *Beebe*, 26 Pa. St, 85; *Town of Rushville* v. *President, etc.*, 39 Ill. App. 503; *Neill* v. *Chessen*, 15 Ill. App. 266, 270; *Hall* v. *Carpen*, 27 Ill. 385; *Crews* v. *Heard*, 7 Ga. 60; 7 Lawson's Rights, Remedies & Prac., section 3692; 2 Ency. Pl. & Pr. 1021.

The statements in *Lemans* v. *Wiley*, 92 Ind. 436; *McFadden* v. *Wilson*, 96 Ind. 253, and *Moore* v. *Shields*, 121 Ind. 267, if limited to the facts in those cases, are not inconsistent with this decision.

Judgment affirmed.

Jordan, J., absent.