INDIANA BUSINESS COLLEGE *v*. CLINE.

[No. 23,306.   Filed May 31, 1918.]

1. MONEY RECEIVED.—*Nature of Remedy.—Limitations of.—Indebtitatus assumpsit* in the form of a count for money had and received, though an action at law, is equitable in its nature, requiring no express promise to be proved, and can be maintained whenever one has the money of another which he has no right to retain, but does not apply to cases in which a court of equity would deny relief were the plaintiff at liberty to go there.   p. 418.

2. MONEY RECEIVED.—*Propriety of Remedy.—Breach of Contract.—*An action for money had and received does not lie to recover money paid to a business college under a contract that the amount was to cover tuition and all expenses, where the plaintiff, after attending school five days, was informed that it was necessary for him to buy a stenotype machine, since the defendant's failure to comply with one of the provisions was only a breach of the contract, the damages for which would not necessarily be the amount paid.   p. 419.

From Marion Superior Court (97,293) *Theophilus J. Moll,* Judge.

Action by Alfred J. Cline against the Indiana Business College.   From a judgment for plaintiff, the defendant appeals.   (Transferred from the Appellate

Court under Acts 1901 p. 590, §1405 Burns 1914.)   *Reversed.*

*Edwin Steers, Matson, Kane & Ross* and *Robert D. McCord,* for appellant.

*Emsley W. Johnson, William E. Jeffrey* and *Joseph W. Hutchinson,* for appellee.

LAIRY, J.—This is an appeal from a judgment rendered by the Marion Superior Court in a case appealed to that court from the court of a justice of the peace of Marion county. The judgment appealed from rests on the first paragraph of complaint, which was a common count for money had and received by appellant for the use and benefit of appellee. Appellant assigns as error the ruling of the court on its motion for a new trial. The first reason assigned for a new trial was that the evidence is insufficient to sustain the verdict on the first paragraph of complaint.

It was admitted by both parties that appellant was a corporation, and as such was engaged in operating a business college in Indianapolis, wherein instruction was given to students in bookkeeping, stenotypy, stenography and related subjects. The evidence shows that on September 18, 1914, appellee entered into a contract by which he purchased a nine-months' scholarship in the combined departments of that college, for which he agreed to pay $90. His father paid for appellee $60, and a note signed by appellee and his father was given for the balance. The evidence most favorable to appellee shows that the representative of the college who secured the contract stated that it would require nine months to take the course, including bookkeeping and stenotypy, and that the first three months would be devoted to bookkeeping. There is evidence to show that the representative of appellant stated that $90 would

cover all expenses of the course, except the cost of books estimated at about $13.50, and that nothing was said about the cost of purchasing a stenotype machine. The evidence discloses that appellee entered the school of appellant on September 21, 1914, and was assigned to the bookkeeping department, and attended and pursued that course for five days, at the end of which time he had a conversation with Mr. Case, the principal, in which he was told that he would have to purchase a stenotype machine if he expected to take the course in stenotypy, the cost of which would be about $100. Upon learning this appellee did not longer attend the school of appellant or further pursue the course therein; but, after causing a demand to be made for the return of the sixty dollars paid, he brought this action to recover it.

The action of *indebitatus assumpsit* in the form of a count for money had and received is no doubt a very beneficial remedy. It lies whenever one has the

1. money of another which he has no right to retain. Though an action at law, it is equitable in its nature, and it can be maintained in all cases where the defendant holds money of the plaintiff which in equity and good conscience he ought to repay. In such cases no express promise to pay need be proved because the law will imply a debt from such relation between the parties and will give this action, founded on the equity of the plaintiff's case. *Lawson's Exr.* v. *Lawson* (1861), 16 Grat. (Va.) 230, 80 Am. Dec. 702. It has been frequently said that the action lies to recover back money which ought not to be kept; for money which *ex equo et bono* the defendant ought to return; for money which the defendant upon the circumstances of the case and by the ties of natural justice is under obligation to refund; for money got through imposition, extortion, oppression, or by fraud, mistake, or by undue advantage taken of plaintiff's situation; but, after all, such ex-

pressions are of such a general character as to afford no specific rule by which to test a particular case. The action has been held to apply to cases involving a great variety of circumstances, but, broad as it is, there are limits beyond which it ought not to go; and the great difficulty is to prescribe the limits and mark them out by such specific and perceptible lines as relieves the mind of all doubt and perplexity. After the examination of numerous cases, this court declines to undertake the task, but it is safe to say that this form of action should not be held to apply to a case under the facts of which a court of equity itself, were the plaintiff at liberty to go there, would not entertain a bill and grant the relief asked.

The case before the court arises out of a contract entered into between the parties. The evidence does not show a case where one party to the contract 2. had fully performed on one side by the payment of money and the other party had wholly failed or refused to perform its part of the contract; neither can it be said that the evidence shows a complete failure of the consideration for which the money was paid. Appellant did not refuse to give appellee instruction in the courses taught in its school, but appellee, according to his own testimony, quit at the end of the first week because, as he says, he was told by a principal of the school that he would have to provide himself with a stenotype machine, when he understood that everything necessary to the course he was to pursue, except books, was to be furnished under the contract by appellee. Conceding, without deciding, that appellee was correct in his understanding and construction of the contract, still the failure of appellee to comply with one of its terms would constitute nothing more than a breach of the contract, which would entitle plaintiff, if he so elected, to treat the contract as at an end on both sides

by reason of such breach, and to recover any damages caused thereby. The damages he would be entitled to recover for a breach of the contract would not necessarily be the amount paid. In this case he had attended school and pursued the course in bookkeeping for only five days; but, suppose he had attended five weeks or had completed the three-months' course in bookkeeping before learning that appellant did not intend to comply with its contract in regard to furnishing the stenotype machine, could it be said that the nature of the case would be altered, or that he would have a right in such case to recover the entire amount under a common count for money had and received for his use? The answer is obvious. The court is of the opinion that the evidence, viewed most favorably to appellee, is not sufficient to sustain the verdict on the paragraph of complaint on which it rests.

The judgment is reversed, with instructions to grant appellant's motion for a new trial.

Myers, C. J., dissents.

Note.—Reported in 119 N. E. 712. See 27 Cyc 849.