## CARSON *v.* SPIEGEL

[No. 14,229. . Filed August 11, 1931.  Rehearing denied January 15, 1932.  Transfer denied June 12, 1933.]

*Herman W. Kothe* and *Grier M. Shotwell,* for appellant.

*Bachelder & Bachelder,* for appellee.

LOCKYEAR, J.—The complaint alleges that the defendant is and has been engaged in the real estate business in the city of Indianapolis for a number of years, operating in the name of Thomas F. Carson and Company; that in the latter part of the year 1926, the plaintiff and defendant entered into an agreement whereby the plaintiff was to attempt to sell real estate on a commission and maintain his office in the office at the time occupied and maintained by the defendant; that in all sales made by plaintiff, the commission was to be divided evenly between plaintiff and defendant, and that plaintiff was not to defray any of the office expenses; that his relationship continued up to the early part of the year 1927; that in the early part of 1927, the relation be-

tween plaintiff and defendant was completely terminated and ended; that about a week after the termination of said relationship, plaintiff learned of the possibility of making a trade of real estate between the Guthrie-Thompson Company and a Mr. Jefferson; that pursuant to this information, plaintiff approached the said parties and was advised by the said Guthrie-Thompson Company that they would pay a commission, if the deal was consumated in the sum of $575.00; that the plaintiff did consumate said deal and transaction, but that before plaintiff had received his commission for the same, the defendant learned of the deal and represented to the said Guthrie-Thompson Company that he was entitled to one-half of the commission from said transaction, and the said Guthrie-Thompson Company gave this plaintiff a check for one-half of said commission, which plaintiff accepted on account, and then subsequently the said Guthrie-Thompson Company paid to defendant the other half of said commission; that defendant was not entitled to any of said commission and that the amount so received by him, to wit: $287.50 was earned and belongs to this plaintiff; that defendant has refused to pay said money over to plaintiff on demand; that there has been a long and unreasonable delay in the payment of the same to plaintiff; and that plaintiff is entitled to interest on said amount at the rate of 6 per cent per annum from the date the same was received by the defendant. Wherefore plaintiff asks judgment against the defendant in the sum of $300 and all other relief.

To this complaint, the defendant (appellant herein) filed a demurrer on the grounds that the complaint does not state facts sufficient to constitute a cause of action for the reason as is set out in the memorandum filed with said demurrer that the appellant received from Guthrie-Thompson Company money which the appel-

lant claimed he alone was entitled in face of and in direct conflict with a claim made for an equal sum by the appellee.

The court overruled said demurrer to which ruling of the court the appellant excepted and said ruling is assigned as error herein. There was a trial, finding and judgment in favor of the appellee against the appellant in the sum of $307.50.

The law on this subject is well settled in this state and is concisely stated in 41 C. J., page 41, as follows: "Where there are two claimants for the same money, and one of them is recognized as being entitled to it by the person from whom it is due, and is paid, the other can not sue him to recover the money for the reason that having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant, or to pay it over to him, and therefore, there is not, under the circumstances, any privity of contract on which to found the action," citing *Salmon* v. *Brown* (1843), 6 Blackford 347; *Farlow* v. *Kemp* (1845), 7 Blackford 544; *Britzell* v. *Fryberger* (1856), 2 Ind. 176; *Schultz* v. *Boyd* (1899), 152 Ind. 166, 52 N. E. 750.

The case last cited is well considered and cites a large number of cases from other states upholding the law as above stated.

The court erred in overruling the appellant's demurrer to the appellee's complaint.

The judgment is reversed with instructions to sustain appellant's demurrer to the appellee's complaint.