HART ET AL. *v.* GULBRANSON.

[No. 14,640.  Filed November 3, 1933.]

*Hanley & Hanley,* for appellants.

*Halleck & Halleck,* for appellee.

KIME, C. J.—This is an appeal from a judgment rendered in the second trial of this cause.  The complaint was in five paragraphs; the first and fifth paragraphs thereof being for money had and received.  There were two paragraphs for goods sold and delivered and one upon a check drawn upon appellant's bank.  An amplification of the facts in this case is shown in 90 Ind. App. 171, wherein this case was reversed because the trial court had therein given a peremptory instruction when such should not have been given.  Since the pleadings and the facts are set out in that opinion we do not deem it necessary to here repeat them.

The trial court, in the case at bar, rendered a judgment for the appellee upon the following verdict of the jury: "We, the jury, find for the plaintiff and assess the amount of his recovery at Two Hundred Twenty-Two and 50/100 ($222.50) Dollars plus six per cent interest from date."

The appellants have assigned as error here the overruling of their separate motions for venire de novo, and the overruling of their separate motions for a new trial. Several specifications of the motion for a new trial involve the action of the court in giving and refusing certain instructions; also that the verdict is contrary to law and that it is not sustained by sufficient evidence. There were some other assignments, which are not material to the decision here.

From the evidence disclosed in the report of the prior appeal, which is the same as the evidence now before us in this case, it is clear that there was some evidence from which the jury might have found that one or more of the officials of the bank told this appellee that if he sold the cattle to Hockney and accepted Hockney's check that they would honor the same when it reached their bank. The appellee did sell the cattle to Hockney and accepted his check. The cattle were then sent to a commission house in Chicago in the name of the bank. The proceeds of the sale were returned to the bank. Thus it is clear that the bank, owned by appellants as partners, received and had money, which in equity and good conscience belonged to another—the appellee herein. The following was contained in the former opinion and, although it may have been dicta there, we here adopt it as our language in the instant case: "Having received them in their own right, sold them in their own name, and received the money for them, all with the knowledge aforesaid, under such circumstances, the jury must have found

that they were liable to appellant for the value of his cattle, as evidenced by the amount of his check, and that, in equity and good conscience, they should not be permitted to retain the money which rightfully belongs to appellant." *Boos* v. *Lange* (1904), 163 Ind. 445, 71 N. E. 120, decided in 1904. *Indiana Business College* v. *Cline* (1918), 187 Ind. 416, 119 N. E. 712, L. R. A. 1918E 779.

The appellant has devoted the larger portion of his brief to a discussion of the theory that this is a parol promise to pay the check and not for money had and received. We do not so conceive this action, as indicated above.

On the appellants' assignment that the motion for a venire de novo should have been sustained they proceed upon the theory that the verdict was so uncertain and indefinite that a judgment could not be rendered thereon. A verdict in practically the same language was held sufficient in *Thames Loan and Trust Company* v. *Beville et al.* (1885), 100 Ind. 309, and on the authority of that case we here hold that there was no error in overruling a motion for venire de novo.

The jury was given six instructions by the court, on its own motion, which were separately excepted to by the appellants, two instructions at the request of the appellee, and seven instructions tendered by the appellants. There was also tendered by the appellee seven instructions, which were refused. The appellants tendered sixteen instructions which were refused. A careful reading of these instructions leads to the conclusion that the jury was carefully and ably instructed and we find no error by reason of the refusal of the court to give or the giving of any of the instructions under the specifications assigned.

The judgment of the Benton Circuit Court is affirmed and it is so ordered.