SHIRLEY *v.* WILSON ET UX.

[No. 28,853. Filed February 20, 1952.]

*Ernest R. Stewart;* and *Goodwin* and *Mankin,* both of Lebanon, for appellant.

*Parr, Parr* and *Parr,* all of Lebanon, for appellees.

DRAPER, J.—The appellees brought this action against the appellant, who was the defendant below, for money had and received. They recovered a judgment for $955.58; appellant's motion for new trial was overruled; and he appeals.

In March 1947 appellees moved themselves and their furniture into the farm home of appellant, whose wife is the daughter of the appellees. The parties lived together, using appellees' furniture along with that owned by the appellant. Family friction developed and on July 1, 1947, appellees moved out, but left their furniture in appellant's home with the understanding that they would pay no storage, but appellant would have the right to use the furniture. While the appellees were living with appellant in his home, he took out a policy of fire insurance for $2,000 in his own name as the owner of the contents of the house. In February 1948 the house and all its contents, including the furniture belonging to the appellees, was destroyed by fire. The insurance company paid appellant $2,000 for the loss of the furniture and $71.73 for certain implements apparently covered by another policy. In making proof of loss the appellant furnished the company with an affidavit to the effect that he was the owner of furniture destroyed by the fire which actually belonged to the appellees. Before the claim was paid, however, he informed the company that some of the furniture belonged to the appellees. On oral argument neither party asserted that the insurance company had been defrauded, and under the evidence it must be assumed that the company paid with knowledge of the true situation. The appellant later told his wife he intended to give the appellees their part of the money but still later said he would not do so. Under the evidence most favorable to the appellees, the appellant's property alone was worth considerably less than the amount paid to him by the company.

The motion for new trial asserts that the decision is not sustained by sufficient evidence and that it is contrary to law.

"The action of *indebitatus assumpsit* in the form of a count for money had and received is no doubt a very beneficial remedy. It lies whenever one ■ has the money of another which he has no right to retain. Though an action at law, it is equitable in its nature, and it can be maintained in all cases where the defendant holds money of the plaintiff which in equity and good conscience he ought to repay. In such cases no express promise to pay need be proved because the law will imply a debt from such relation between the parties and will give this action, founded on the equity of the plaintiff's case. . . . (T)he action lies to recover back money which ought not to be kept; for money which *ex equo et bono* the defendant ought to return; for money which the defendant upon the circumstances of the case and by the ties of natural justice is under obligation to refund; for money got through imposition, extortion, oppression, or by fraud, mistake, or by undue advantage taken of plaintiff's situation; . . ." *Indiana Business College* v. *Cline* (1918), 187 Ind. 416, 418, 119 N. E. 712.

In this case the appellant relies for reversal principally upon *Carson* v. *Spiegel* (1933), 97 Ind. App. 163, 177 N. E. 470, and *Shultz* v. *Boyd* (1899), 152 Ind. 166, 52 N. E. 750, and particularly upon the rule of law applied in the former and well stated in 41 C. J., Money Received, p. 41, in the following language:

"Where there are two claimants for the same money and one of them is recognized as being entitled to it by the person from whom it is due, and is paid, the other cannot sue him to recover the money, for the reason that, having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant, or to pay it over to him, and, therefore, there is not, under the circumstances, any privity of contract on which to found the action."

But here there were not two claimants for the same money. The appellees never demanded the money from the insurance company. In fact, they did not learn of the insurance until after the appellant had received payment from the company. We, therefore, do not regard this as a case where money is paid to one of two claimants in recognition of the superior right of one of the claimants to receive it.

*Shultz* v. *Boyd, supra,* was a case where Shultz sued Boyd to recover the proceeds of a policy of life insurance which the company had paid to Boyd. In that case Shultz did demand payment from the company, but it is not clear whether the demand was made before or after the money was paid to Boyd. Shultz asserted that she alone had the right to collect the money from the insurance company and her theory was that Boyd, having received money she alone rightfully could collect from the company, must account to her therefor. The opinion points out that if the company was obligated to pay Shultz, that obligation had not been discharged by payment to Boyd; that Boyd took under a claim of right; he had in no way interferred with Shultz's rights against the company; and if Boyd took wrongfully, the law would imply against him a promise or trust in favor of the company, and not in favor of Shultz. That case could obviously not rule this one. The essential difference is that here it is not claimed that the appellees have or ever did have any right to recover. from the company.

The question is whether the money, in justice, belongs to the appellees. The appellant did not agree to insure appellees' property. He did not wilfully burn it, nor did it burn as the result of any negligence on his part. In apparent recognition of a moral obligation so to do, he said he would pay appellees their part of the

money, but he made no binding promise to pay it to them. It cannot be thought that the company intended to make him an outright gift of the money, for such would be contrary to all experience, and it is not claimed that it did do so. A part of the money paid by the company and received by the appellant must have been paid because of the destruction of appellees' furniture.

If, as it appears, the loss was adjusted and paid upon the basis that the appellees' furniture was included in the risk, the appellant received money which he could not equitably withhold from the appellees. See *Roberts* v. *Ely et al.* (1889), 113 N. Y. 128, 20 N. E. 606. *"An action for money had and received* may be maintained by one who is entitled to the insurance proceeds as against one who has received and wrongfully retains them." 46 C. J. S., Insurance, §1243, p. 235. As we view it, the appellant could no more justly keep the money than he could keep the furniture, had it not been destroyed by the fire. To do so would result in the unjust enrichment of the appellant at appellees' expense. By the ties of natural justice the appellant holds some of this money in trust for the appellees. In common honesty he is obligated to pay it to them, and the law will imply a promise to do so.

Whether the recovery was too large or too small is a question not presented. We may say, however, that under the evidence most favorable to the appellees, the judgment is by no means excessive.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 2d 805.