COLLIER *v.* BAUM ET AL.

[No. 19,669. Filed March 1, 1962.]

*C. W. H. Bangs,* and *Bangs & Yates,* of Huntington, for appellant.

*Graham, Rasor, Eschbach & Harris,* of Warsaw, for appellees.

RYAN, C. J.—This was an action by the appellees against the appellant on a promissory note, which resulted in a verdict by the jury in favor of the appellees with consistent judgment being rendered thereon. The appellees have now filed their motion to dismiss or affirm on the grounds that the appellant has failed to comply with Supreme Court Rules 2-5 and 2-17.

The appellant's brief in the argument portion thereof, which consists of three pages, presents us with two main topics identified by Roman numerals, the first of which being Roman numeral I, is as follows:

"I. The Court erred in giving instructions number 1, 2, 3, 4, 5, 6, 7, 8, 9 and 11 tendered by the Appellees to which the Appellant at the time objected and excepted, which objections are set out herein on pages 31, 32, 33, and 34 and which instructions are set out at pages 28, 29, 30

and 31 of this brief, all of which errors are here treated together:"

Following this the appellant cites three abstract legal propositions and authorities therefor.

Under Roman numeral II appellant treats together "numbers 12 to 16 inclusive of the Motion for New Trial." This assertion is followed by some generalizations and an attempt to raise a question which was not presented to the trial court in the motion for a new trial.

While we make every attempt to determine all appeals presented to us on the merits, it is still incumbent upon the appellant to attempt to affirmatively show us what error, if any, was committed in the court below. *N. Y., C. & St. L. R. Co.* v. *Merc. Natl. Bk.* (1960), 130 Ind. App. 638, 165 N. E. 2d 382.

The mere recitation of the principles of law without application to the particular case requires us to:

". . . search for one or more of the assigned errors to which the doctrine might be applicable, and then analyze the evidence and construe the admitted documents with a view of ascertaining both whether some error has been committed and whether appellant has assigned that particular error on appeal. Such effort is not within the accepted function of the court." *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 567, 159 N. E. 2d 134, 139.

The appellant having failed to present any error for review or question for decision, we have no recourse but to affirm the judgment of the court below.

Judgment affirmed.

NOTE.—Reported in 180 N. E. 2d 554.