BAILEY *v.* BAILEY ET AL.

[No. 19,373. Filed March 9, 1962. Rehearing denied April 18, 1962. Transfer denied May 13, 1963.]

*Rolfes & Garvey, Frank I. Hamilton,* both of Greensburg and *John S. Grimes,* of Indianapolis, for appellant.

*Harvey A. Grabill, Charles C. Baker,* both of Indianapolis and *Hubert E. Wickens,* of Greensburg, for appellees.

BIERLY, J.—Appellant, a niece of the decedent, Roscoe Bright, brought an action against appellees seeking to construe the probated will of the decedent and secure a determination and protection of the rights of the parties in interest. Appellees demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and appellant refused to plead over. The court thereupon entered judgment that appellant take nothing by her "action" and that appellees recover costs. Appellant's assignment of error is that the court erred in sustaining said demurrer.

The pertinent and materially here involved items of decedent's will, as set forth in appellant's brief are:

. . . . .

"ITEM 4. All the residue of my estate of every kind and description including stocks, bonds or other securities, I give in Trust to the Decatur County National Bank of Greensburg, Indiana, as Trustee, to hold in trust, manage, invest and distribute as herein provided.

"ITEM 5. The income from said trust fund shall be divided into three (3) parts one-fourth (1/4), one-fourth (1/4), and one-half (1/2). The first one-fourth (1/4) of said income shall go to Ely Avery of St. Paul, Indiana, for and during

her life and at her death the trust shall terminate as to her. Thereafter said one-fourth (1/4) of such income shall continue and go to the Trustees of the Adams Methodist Church of Adams, Indiana, to be used for the upkeep of said Church.

Roscoe Bright

"If at any time said Adams Methodist Church is abandoned or shall cease to exist as an active church then the said share of said income shall go to and be used in the same manner and purpose by the remaining local church or churches of said Methodist Church in Adams Township; it being my will that no part of said trust fund or income shall be used or expended outside of said Adams Township, Decatur County, Indiana. If *ther* should be more than one church entitle to share in such income, the Trustee shall distribute the same in proportion to the respective members of said Churches.

"ITEM 6. My said Trustee shall pay the remaining one-fourth (1/4) and one-half (1/2) of the income from said trust fund to my wife, Maude Bright, so long as she shall live and remain my widow; and at her death or remarriage the one-half (1/2) of the income from said trust fund shall be paid to the Trustees of the Star Baptist Church of Adams Township said county; and shall be applied to the upkeep of said Church and church buildings and the cemetery adjoining, if controlled by said church.

"ITEM 7. At the death of my wife, said Maude Bright, the trust shall terminate as to the remaining one-fourth (1/4) of said trust estate and the principal or corpus of said one-fourth (1/4) part shall be divided equally between the children of my niece, Varble Bailey, namely Lyle Bailey, Don Bailey and Pauline Steen.

"The Trustee shall distribute said income at such periods as requested by the several beneficiaries but shall not be required to distribute the same more frequently than quarterly.

· · · · · ·

"ITEM 9. I appoint the Decatur County National Bank of Greensburg, Indiana, Executor

of this my last will and testament and also Trustee herein. . . ."

Appellant's complaint alleged, in substance, that she is the niece of the decedent who died on January 9, 1957; that the will was admitted to probate on January 14, 1957; that the appellees, except the named executor, are named as legatees and contingent legatees in the will and are the only beneficiaries named therein. The further paragraphs of the complaint, material here, are as follows:

. . . . .

"6.

That by Item 4 of said will, all the residue of said estate was given in trust to the Decatur County National Bank of Greensburg, Indiana, as Trustee, to hold in trust, manage, invest and distribute as in said will provided. That by Item 5 of said will, the income from said trust fund was divided into three parts, to-wit: one-fourth part, one-fourth part and one-half part.

"7.

That the first one-fourth part of said income was given to said Ely Avery of St. Paul, Indiana, for and during her life and at her death, the trust terminated as to her. After her death, said one-fourth of said income was purported to be given to the Trustees of the Adams Methodist Church of Adams, Indiana, to be used for the upkeep of said Church, and providing further that at anytime said Adams Methodist Church of Adams, be abandoned or cease to exist as an active church, the said part of said income was purported to be given to the remaining local churches of said Methodist Church in Adams Township. That in no event was any of said part of said income to be used or expended outside of said Adams Township, Decatur County, Indiana.

"8.

That by said Items 4 and 5 of said will, only the income from said portion of the residue was

bequeathed or given to any person or institution. That the corpus of said one-fourth part is not vested. That said Items relative to said one-fourth part are void for violating certain rules of law and construction relative to vesting property. That said Items are void for violating certain rules of law as to the uncertainty of testator's intent and disposition of said corpus.

"9.

That the remaining one-fourth part and the remaining one-half part of the income from said purported trust fund was given to Maude Bright, wife of said decedent, so long as she lived or remained his widow. That at her death (which occurred prior to the death of said decedent), said income of said purported trust was given to the Trustees of the Star Baptist Church of Adams Township, said County, to be applied to the upkeep of said Church and church buildings and cemetery adjoining if controlled by said Church, all as set forth in Item 6 of said will.

"10.

That by Item 7 of said will, the one-fourth part of the corpus was given to Lyle Bailey, Don Bailey and Pauline Steen, and is now vested in them.

"11.

That the one-half part of said residue referred to in Item 6 of said will is void for violating certain rules of law and construction relative to the vesting of property, as well as to the uncertainty of testator's intent and disposition of said property.

"12.

That Items 5 and 6 of said will as relates to said one-fourth part and said one-half part of said residue are void for violating certain rules of law relative to the vesting of property and as to said portions of decedent's estate, he died intestate.

. . . . ."

The prayer is for construction of the will to the end

of resolving the "doubts and uncertainties so existing" as to the true meaning and legal effect of the said provisions of the will and that the "rights of the parties in interest" be definitely determined and fully protected; that the one-fourth part of the one-half part, mentioned in Items 5 and 6 of the will be declared intestate property passing to appellant.

As noted above, the court went no farther than to sustain appellees' demurrer and enter judgment that "the plaintiff take nothing by this action." On this appeal the parties have argued at length pro and con on the various legal phases presented, including private and charitable trusts, the interpretation and application of the rule against perpetuities as adopted in Indiana, (§§ 51-105 to 51-109, Burns' 1951 Replacement), the permissible duration of trusts, when the interests of the beneficiaries under the will vested or should vest in them, gifts over from non-charity to charity, gifts over from charity to charity, that the involved will failed to dispose of the corpus of three-fourths of the residuary estate, that the will provided for no immediate vesting of the fee of the absolute estate in the trustee, that there is involved in the construction of the will a proposition of trusts of too long a duration, and other allied contentions and legal questions.

The trial court made no decision or declaration as to any of these matters nor any determination of the rights and interests of the parties. It was simply decided that the complaint failed to state a cause of action. However, we think the complaint, the relevant and well pleaded facts of which are taken as true for purposes of the demurrer, states a cause of action for the purpose of procuring a construction of said will in the particulars alleged upon, and that the court

should have heard and determined upon the issues presented thereby. It is not in the province of this court to determine such issues in the first instance. That duty resides with the trial court.

The judgment is reversed and the cause remanded with instructions to the trial court to overrule said demurrer of appellees and for further proceedings.

Kelley, P. J., Gonas and Pfaff, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 544.