NATIONWIDE MUTUAL INSURANCE COMPANY *v.* DAY.

[No. 20,554. Filed March 27, 1967. Rehearing denied April 24, 1967. Transfer denied October 3, 1967.]

*Robert H. Orbison* and *Baker & Orbison,* of counsel, both of Indianapolis, for appellant.

*F. Boyd Hovde* and *Ice, Miller, Donadio & Ryan,* of counsel, both of Indianapolis, for appellee.

COOPER, C. J.—This is an action by Appellant herein, Nationwide Mutual Insurance Company, a corporation, to recover money allegedly had and received by the Appellee herein, Robert W. Day, for the use and benefit of the Appellant. Such an action at common law, was known as "Indebitatus Assumpsit" and a thorough definition of this cause of action is found in the case of *Indiana Business College* v. *Cline* (1918), 187 Ind. 416, 418, 119 N. E. 712. Also see *Shirley* v. *Wilson, et ux,* (1952), 230 Ind. 392, 394, 103 N. E. 2d 805.

After the issues were closed, the cause was tried by a jury. It appears from the record that at the conclusion of the Appellant's case, the Appellee moved for a directed verdict, and at the close of all the evidence, the Appellant moved for a directed verdict. The motions for directed verdicts by each party were overruled by the trial court. The jury returned a verdict for the defendant below, the Appellee herein. Thereafter the Appellant filed its Motion for a New Trial, which was overruled by the trial court.

The error assigned on appeal for reversal is the action of the trial court in overruling the Appellant's Motion for a New Trial. The grounds averred in the Motion for a New Trial are as follows:

"1. The verdict of the jury is not sustained by sufficient evidence;

"2. The verdict of the jury is contrary to law;

"3. The court erred in refusing to give each of the instructions numbered one and two asked by the plaintiff;

"4. The court erred in giving each of the instructions numbered six, eight, ten and twelve, asked by the defendant;

"5. The court erred in overruling plaintiff's motion for a directed verdict at the conclusion of all of the evidence."

The Appellant's first contention presents nothing for our consideration. This being an appeal from a negative judgment, the Appellant's contention that "the verdict of the jury is not sustained by sufficient evidence" raises no question for our determination. The general rule of law under such circumstances is clear and well stated in the case of *Wilson, Administratrix* v. *Rollings, et al.,* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905:

> "A verdict or decision against a plaintiff who has the burden of proof does not rest upon the quantum of evidence, hence it may not be asserted that such a disposition of the cause is not sustained by sufficient evidence, though it may be contrary to law. In other words, a negative verdict or decision may not be attacked upon the ground that there is a lack of evidence to sustain it. If an unsuccessful litigant feels that the finding against him rests upon an insufficiency of proof, he should assign in his motion for a new trial that the verdict or decision (as the case may be) is 'not sustained by sufficient evidence'; if he feels that the evidence entitled him to relief which was denied him by the verdict or decision, he may assert that it is 'contrary to law.'" *Hinds, Executor of Estate of Sickels, Deceased,* v. *McNair, et al.,* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553; *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 528, 529, 104 N. E. 2d 669; *Larson, et al.,* v. *Town of Wynnedale et al.,* (1962), 133 Ind. App. 337, 341, 179 N. E. 2d 578; *Myers, Administrator, etc.* v. *Wyrick* (1963), 134 Ind. App. 670, 672, 191 N. E. 2d 107.

Regarding the Appellant's second contention that the verdict is contrary to law, the well recognized rule of law which scarcely needs any citations to support it, is stated in the case of *Hinds, Exc. et al.,* v. *McNair, et al., Supra,* at page 41:

> "However, a negative verdict may be attacked under the second specification, namely, the verdict of the jury is contrary to law. *Wilson, Administratrix* v. *Rollings,* (1938), 214 Ind. 155, 14 N. E. 2d 905.

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom."

However, it is only where the evidence is without conflict and can lead to but one conclusion, and the trial court or jury has reached an opposite conclusion, that the decision or verdict will be set aside on the ground that it is contrary to law. *Pokraka, et al., v. Lummus Co.* (1952), *supra.*

In reviewing the evidence in the record in the cause now before us, we are cognizant of the following well-established rules: We will not search the record to find reversible error; nor will we weigh the evidence; and unless all the evidence is undisputed, uncontradicted, and leads inescapably to the sole conclusion that the Appellant was entitled to a verdict, we cannot set aside the verdict of the jury. We are also mindful of the rule that a *prima facie* case must always prevail in the absence of countervailing proof. Stated otherwise, it is only where the evidence in the record is all one way that its effect becomes a matter of law. *City of Decatur* v. *Eady, Executrix,* (1917), 186 Ind. 205, 115 N. E. 577; *First Nat'l. Bank, et al.,* v. *Farmers and Merchants National Bank et al.,* (1908), 171 Ind. 323, 86 N. E. 417.

The facts in this cause which warrant a recovery on the part of the Appellant were not established without controversy or opposing evidence. The evidence in the record reveals variations and contradictions which might well have been considered in determining the credibility, sufficiency or weight to be given to the Appellant's evidence, even to the point of rejecting it. The rule is that the trier of the facts cannot arbitrarily reject items of evidence. However, the fact that a particular item of evidence is not expressly or directly contradicted, does not prevent the trier

from taking into consideration all of the other evidence, including circumstances and surroundings that might in any way affect the weight or credibility of such evidence, and the trier may disregard evidence if it is considered unreasonable or inconsistent with the facts and circumstances shown by the other evidence in the cause. *McKee* v. *Mutual Life Insurance Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474 and authorities cited therein.

For us to say as a matter of law that there was no conflict in the evidence, or that it was sufficient to sustain a recovery for the Appellant, would amount to an invasion of the province of the jury which tried this cause and concluded otherwise.

The Appellant asserts error in refusing to give its tendered instructions 1 and 2, and further asserts that the Court erred in giving Appellee's instructions 6, 8, 10 and 12. We deem it unnecessary to burden this opinion by setting out the foregoing instructions in full, but believe it to be sufficient to say the Appellant's tendered instruction number 1 was a mandatory instruction for a directed verdict. Under the evidence in the record, such instruction would have invaded the province of the jury. The Appellant's tendered instruction number 2 omitted the necessary element of the cause of action, namely, *that the defendant holds money of the plaintiff which in equity and good conscience he ought to repay.* Since that tendered instruction does not contain a complete statement of the law upon the subject covered, it was properly refused.

The Appellant further asserts that the trial court erred in giving Appellee's instruction number 6 reading as follows:

"If you find that the defendant was rightfully possessed of the funds which the plaintiff seeks to recover herein, then the plaintiff may not recover unless it has proved by a preponderance of the evidence that it made demand upon the defendant for repayment."

Appellant made the following objections to said instruction:

(1) Under the law for the common count of a sum of money had and received, it is not necessary to allege or prove demand for a return of the money. *Field* v. *Brown, et al.,* (1896), 146 Ind. 293, 45 N. E. 464.

(2) Whether the defendant was rightfully or wrongfully possessed of the funds is not material, therefore, making this instruction misleading and prejudicial to the plaintiff's case. *Indiana Business College* v. *Cline,* (1918), 187 Ind. 416, 418, 119 N. E. 712.

We cannot agree with Appellant's first contention, nor does its cited authority suffice to support such contention. We think the general rule in such cases as is now before us is as follows: "In the absence of any statement to the contrary, the presumption is that 'money collected' was lawfully collected. If so, it could not be recovered without a demand." See *The State ex rel Buskirk, Attorney General,* v. *Sims,* (1881), 76 Ind. 328 at 329. Neither can we agree with the Appellant's second contention as hereinabove set forth. In reviewing the authority cited by the Appellant, we find the statement of the Supreme Court relating to the remedy of assumpsit to be clear and concise. We are of the opinion that under the Supreme Court's definition, the instruction complained of could not be prejudicial to the Appellant. See *Indiana Business College* v. *Cline* (1918), *supra.*

The Appellant's objections to the Appellee's instructions numbered 8, 10, and 12, which were given by the trial court have been waived under Rule 2-17 (e) and (f) of our Supreme Court, since the Appellant failed to cite any case law which supports its contentions of alleged error in said instructions. *Paul Rust, E. E. Buckingham and George Martin, as Trustees of Zorah Temple of the Ancient Arabic Order of the Nobles of Mystic Shrine, and Zorah Temple Realty Company* v. *Ida May Watson,* (1966), 215 N. E. 2d 42; *Wright* v. *State of Indiana* (1958), 237 Ind. 593, 147 N. E. 2d 551; *Terry et al.,* v. *Brinckman, et al.,* (1963), 135

Ind. App. 479, 194 N. E. 2d 760; *Southern Indiana Gas & Elec. Co. et al.*, v. *Bone* (1962), 135 Ind. App. 531, 180 N. E. 2d 375; *Collier* v. *Baum et al.*, (1962), 133 Ind. App. 127, 180 N. E. 2d 544.

The Appellant's last contention is, in substance, that the trial court erred in failing to direct a verdict for the Appellant at the conclusion of all the evidence. We find the principles we have heretofore discussed and the authorities we have heretofore cited in this opinion concerning the Appellant's second contention to be sufficient to answer the Appellant's last contention.

The judgment of the trial court is affirmed.

Carson, Prime, JJ., concur.

Faulconer, J., concurs in results.

NOTE.—Reported in 224 N. E. 2d 520.