46   93
96  360

## JAMES MARTIN v. WINIFRED SHERIDAN.

*Assumpsit for money left with a ward and misappropriated by the guardian—Evidence—Amendment of guardian's inventory—Compensation for a sister's board.*

One who has left money for safe-keeping with another who has put it into a bank, can maintain *assumpsit*, declaring on the common counts, against one who has drawn and appropriated it on pretence of being the guardian of the person with whom it was left.

In a suit against a guardian for appropriating moneys left in the keeping of his ward, there is no error in excluding defendant's inventory of the ward's property filed in the probate court by him as guardian, or in rejecting the evidence of defendant's clerk as to what particular sums of money were included in the inventory, and as to defendant's good faith, especially if defendant does not offer to show that he has in good faith paid out the money for the ward's benefit, or done any act that would debar him from full protection on the settlement of his guardianship account in the probate court.

If a guardian in inventorying his ward's assets, in good faith includes the money of another, which he is afterwards compelled to pay over to the owner, the probate court can permit him to correct his inventory.

A man is not entitled as of course to charge his sister for board while living in his house.

Error to Calhoun. Submitted April 13. Decided April 27.

ASSUMPSIT brought by Winifred Sheridan against her brother James Martin for a certain sum of money alleged by the declaration to have been placed by her in the hands of her mother, Ellen Martin, for safe-keeping, and to be returned on request, but which said Ellen Martin deposited in the First National Bank of Marshall, whereupon James

Martin drew it while she was sick, on pretence of being her guardian, and appropriated it to his own use. Plaintiff recovered below and defendant brings error. Affirmed.

*Miner & Stace* for plaintiff in error.

*James H. Campbell* for defendant in error. A bailor of goods can recover them from a third person though a *bona fide* vendee: Edwards on Bailments 87; Jones on Bailments 51, n. 21; owners of trust moneys can follow them into the hands of third persons: Perry on Trusts, § 828; *Grand Trunk Ry. v. Edwards* 56 Barb. 408; *Day v. Stone* 15 Abb. Pr. (N. S.) 137; *Cook v. Tullis* 18 Wal. 332; *Burtnett v. First Nat. Bank of Corunna* 38 Mich. 630.

MARSTON, C. J. We can discover no valid objection to the plaintiff's right of recovery in this case under the declaration and claim as made. In the instructions given the jury, the court most carefully protected the defendant, by limiting the plaintiff's right of recovery to a finding that her mother received the money as a special deposit, and that it afterwards came into the defendant's hands.

The claim is made that the court erred in excluding the inventory filed in the probate court by the defendant as the guardian of Ellen Martin, and the evidence of James Grace, the clerk of defendant, as to what particular sums of money were set forth or included in such inventory, and the good faith of defendant in connection therewith.

There was no error in rejecting this evidence. The inventory was made by the defendant and he could not, by including therein the moneys of plaintiff, cut off her rights thereto or transfer the same to his ward. He made no offer to show that acting in good faith he had paid out these moneys for the benefit of his ward or done any act that would prevent him from having full protection on the settlement of his guardianship account in the probate court. If he, in good faith, included the plaintiff's money in the inventory of his ward's property, and afterwards was obliged to pay over the same to the plaintiff, the probate court, upon a showing to

that effect, would permit a correcting of his account or inventory, and thus save him from injury.

The court properly excluded all evidence tending to prove the value of plaintiff's board while she lived in the house of defendant. There was no evidence in the case tending to show a state of facts under which the defendant could charge the plaintiff, who was his sister, for board.

We discover no error in the record and the judgment must be affirmed with costs.

The other Justices concurred.