WILLIAM K. HOSLEY, PLAINTIFF IN CERTIORARI v. OLIVE
SCOTT, DEFENDANT IN CERTIORARI.

*Married women—Ownership and sale of property, by—In suit for purchase
price, vendee is not concerned with bona fides of transfer from the
husband, nor can he defend, as garnishee of the husband.*

A married woman, who occupied and held the title to the farm on which
she resided with her husband, who acted as her agent in its manage-
ment, sued to recover the purchase price of five hogs sold to the
defendant. The uncontradicted testimony showed that the husband,
who acted for her in making the sale, informed the purchaser that
the hogs were the property of his wife. The defendant sought, on
cross-examination of the wife, to show what she paid for the farm
and the manner of payment; also, as substantive defence, that he had
been garnished by a creditor of the husband and for this reason had
not paid for the hogs.

*Held*, that it was immaterial, to the issue being tried, what the wife
paid her husband for the farm, or the manner of payment. That
if the defendant was garnished as the debtor of her husband, he had
it in his power to protect himself against any liability by stating the
facts, in his disclosure, and if he assumed to be the debtor of the
husband, he did so at his own risk. That he was not a creditor of
the husband, nor did he represent any such creditor, and whether
any fraud existed between plaintiff and her husband, in the transfer
and subsequent ownership of the farm and personal property, was
no concern of his. He would be protected in making payment to
her.

Error to Livingston. (Newton, J.) Submitted on briefs,
January 15, 1886. Decided January 27, 1886.

Defendant sued plaintiff and recovered judgment before a
justice of the peace, which was removed, by plaintiff, by cer-

tiorari to the Livingston county circuit court where it was reversed. Defendant in certiorari brings error, and judgment of circuit court is reversed and one entered in her favor. The facts are stated in the opinion.

*L. S. Montague,* for plaintiff in certiorari:

Mrs. Scott having admitted that Hosley was garnished for the matter in controversy by Switzer & Ackley, who had obtained judgment against her husband, the question of the ownership of the hogs became material, and Hosley should have been allowed to go fully into it on cross-examination. A wide latitude is allowed for cross-examination, especially in cases of fraud: *Haynes v. Ledyard,* 33 Mich. 320–1; *N. Y. Iron Mine v. Negaunee Bank,* 39 Mich. 658–9: and this rule is stronger where husband and wife are concerned in the property: *Gavigan v. Scott,* 51 Mich. 374. The question of how the husband was paid for the farm on which the hogs were raised, and what the wife paid for it, was material and erroneously refused. Same authority. The error of the justice goes to the foundation of the action, for the entire question at issue, in the case, is the ownership of the property, whether by the husband or wife, and the rulings of the justice prevented the determination of that question, and certiorari will lie: *Hart v. Port Huron,* 46 Mich. 428–9; *Erie Preserving Co. v. Witherspoon,* 49 Mich. 379.

*Rollin H. Person,* for defendant in certiorari:

The fact of the sale, that the hogs were sold as the property of Mrs. Scott, the price agreed to be paid and the balance due were all admitted, and the defense seems to have been that Hosley had been garnished by the creditors of Mr. Scott. There had not been any evidence that the husband deeded the farm to the wife. This was a gratuitous assumption. The plea was the general issue. If all of the rejected questions had been answered the answers could not have tended to impeach Mrs. Scott's title to the money she sued for. Hosley did not give any evidence tending to show that the husband was the *real* owner of the hogs, hence the record of any garnishee proceedings affecting Mr. Scott was immaterial. In certiorari, "intendments should be against error on doubtful points, not in favor of it": *Mann v. Tyler,* 56 Mich. 567.

CHAMPLIN, J. Olive Scott brought an action before a justice of the peace against Hosley, and declared:

"That on the twenty-first day of October, 1884, she sold the defendant five hogs for the value of thirty-two dollars, and delivered them to the defendant."

The defendant pleaded the general issue.

The parties proceeded to trial, and the plaintiff testified in her own behalf that she sold five hogs to defendant for $32, and that he had not paid for them ; that she had possession of the farm, and owns it. On cross-examination she testified that she pays her husband for his work ; that the hogs were hers; that she raised them ; also, that her husband, Mr. Scott, does the business for the farm, buying and selling. The following questions were then asked, objected to as irrelevant and immaterial, and the objections sustained, viz. :

"When Bela Scott, your husband, deeded the farm to you, what did you pay for it, and how did you pay him?"
"Did your husband sell the hogs to Switzer & Ackley, for which they brought suit against Bela Scott?"

There were other hogs than the ones in question. We think the ruling was correct. The issue was whether plaintiff sold and delivered five hogs to the defendant for $32. It is not perceived how the testimony, whatever the answers might have been, would have tended to prove or disprove the issue between the parties.

Bela Scott was sworn, and testified :

"That he sold the defendant five hogs belonging to the plaintiff, his wife. Told him they were her hogs. Delivered them to the defendant. Received five dollars on them. They weighed 800 pounds, at $4.00 per hundred—$32. She owns the property on the farm."

Winfield Scott testified that he

"Was present when the hogs were sold to defendant. His father told him that they belonged to his mother."

The defendant was sworn in his own behalf, and testified :

"I bought the hogs of Mr. Scott. He delivered them. I was to pay thirty-two dollars for them. Paid five dollars down. The reason I did not pay the balance, there was a garnishee summons served on me on the twenty-fourth of October, 1884, at the suit of Aaron C. Switzer and Herbert

J. Ackley, being the firm of Switzer & Ackley, against me as garnishee defendant in the suit against Bela Scott. I know it was a garnishee summons, because I read it. I was paid fees as garnishee defendant."

It was admitted by plaintiff that the defendant had been garnisheed by Switzer & Ackley, and a judgment rendered against Bela Scott.

The defendant offered in evidence the docket of Henry C. Wright, with the entries and proceedings of said case, and the judgment therein, to the introduction of which the plaintiff objected on the ground of irrelevancy and immateriality, which objection was sustained by the court, who thereupon gave judgment for the plaintiff.

The defendant sued out a writ of certiorari to the circuit court, which reversed the judgment, and gave judgment for the defendant.

We think the circuit court erred. The record does not disclose any error in the rulings of the justice. The evidence that Bela Scott informed defendant, when he sold the hogs to him, that they belonged to the plaintiff, is uncontradicted. If the defendant was afterwards garnished, as the debtor of Bela Scott, he had it in his power to protect himself against any liability, as such garnishee, by stating the facts in his disclosure. If he assumed to be the debtor of Bela Scott, he did it at his own risk, and could not in the suit brought by her, introduce evidence of having been garnished as the debtor of Bela Scott. It was immaterial to the issue being tried before the justice. Neither was he in a situation to attack her title to the property sold. He was not a creditor of Bela Scott, nor did he represent any such creditor. Whether any fraud existed between Bela Scott and his wife was no concern of the defendant. He would be protected in making payment to her: *Tabor v. Van Vranken*, 39 Mich. 793 ; *Hirth v. Pfeifle*, 42 Mich. 31.

The judgment of the circuit court must be reversed, and a judgment entered here against the defendant, William K. Hosley, for $29.36 damages, and costs of all the courts, in favor of Olive Scott.

The other Justices concurred.