LORENZO COREY v. OSCAR WEBBER AND CLARENCE W. CHAPIN.

*Action—Money had and received.*

1. The remedy by an action for money had and received should not be so extended as to create rights which do not exist either at law or in equity.

96 MICH.—22.

| 96 | 357 |
|---|---|
| s55ᴺᵂ | 982 |
| 132 | ¹250 |
| 96 | 357 |
| f138 | ²262 |
| 96 | 357 |
| 141 | 343 |
| 96 | 357 |
| 158 | 626 |

2. A *bona fide* indorsee of a negotiable note, transferred before maturity and for value, cannot recover from a creditor of the payee the amount received by him from the maker under his disclosure as garnishee of the payee, as money had and received for the use and benefit of the indorsee.

Error to Ionia. (Smith, J.) Argued April 18, 1893. Decided July 25, 1893.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*F. A. Miller* (*William O. Webster,* of counsel), for appellants.

*N. O. Griswold,* for plaintiff.

MONTGOMERY, J. The sole question in this case is whether the plaintiff is liable to the defendants for money coming into his hands, under the circumstances stated below, as in an action for money had and received.

The facts are that on October 14, 1890, the firm of Tripp & Delaney, of Mamaroneck, N. Y., were indebted to one C. T. Cadwell in the sum of $505.27, and that on that day the firm made its note, payable to the order of said Cadwell two months after date, to secure the payment of said amount. This note was, before maturity, indorsed by Cadwell to defendants, and transferred in the regular course of business, and for value. In the fall of 1890 the plaintiff brought suit in a New York court having jurisdiction against Cadwell, and garnished Tripp & Delaney. Tripp & Delaney thereupon made disclosure, and paid the money over to the sheriff, who remitted it to the plaintiff. It does not appear whether the note was due at this time or not. It is claimed by defendants that under these circumstances the plaintiff should be held to have received this money for the use of defendants, and is liable for money had and received.

It is clear that the payment of this money to the plaintiff by Tripp & Delaney in no way affected the defendants' right to sue and recover upon their note. They acted at their peril in making such payment. *Hosley v. Scott*, 59 Mich. 420; *Hitchcock v. Miller*, 48 Id. 603; *Hirth v. Pfeifle*, 42 Id. 31. The question of whether Tripp & Delaney could themselves recover back the money paid to plaintiff cannot, perhaps, be definitely solved from the facts appearing on this record. The general rule, however, is that money paid under judicial process cannot be recovered back, the remedy being, if any, by a reversal of the judgment, and, if this cannot be done, the payor is without remedy. Bish. Cont. § 272; *Walker v. Ames*, 2 Cow. 428; *Cobb v. Curtiss*, 8 Johns. 470. Have these defendants, who have lost nothing by the action taken by the plaintiff, a greater right than Tripp & Delaney are shown to have? We think not.

The remedy by an action for money had and received is comprehensive, and may be employed in a great variety of cases where the right to a fund in the possession of the defendant exists; but it should not be so extended as to *create* rights which do not exist either at law or equity. It is conceived that where no privity exists between plaintiff and defendant, and where the plaintiff has no title to the fund, and where also it appears that there is no relation of trust, legal or equitable, no right exists in the plaintiff to demand the money, and hence that no remedy by action for money had and received can be applied.

The cases cited by counsel for defendants do not, as we read them, establish any rule in conflict with the foregoing statement. In *Beardslee v. Horton*, 3 Mich. 563, defendant was agent of one Mrs. Culver, and, as such, collected the money in question,—a specific thing in the hands of the agent. By an assignment the title to this passed to the

plaintiff.   He was permitted to recover after demand and refusal.

In *Moore v. Mandlebaum*, 8 Mich. 433, the defendant was an agent of the plaintiff, and held the money sought to be recovered as trustee.

In *Walker v. Conant*, 65 Mich. 194, the money was paid to the defendant under a mistake of fact, the circumstances showing that the defendant had no right to receive the fund.   She would therefore hold the money subject to an equitable trust.   In that case it was said:

" There need be no privity of contract alleged or proved *other than* such as arises out of the fact that the defendant has received the *plaintiff's* money, and which, in equity and good conscience, she ought not to retain."

The question presented in this case, as reported in 65 Mich. 194, was disposed of on demurrer, but the case was again before the Court after the facts had been developed on a trial, and is reported in 69 Mich. 321.   It there appeared that the situation of Mrs. Conant had been changed, so that in equity she could not be asked to return the money.   " She received it in good faith, in satisfaction of a just and equitable claim, and when it was due on honor and in conscience."   It was held, therefore, that the plaintiff could not recover.

It will be seen that in each of these cases there was either privity, or a right in the plaintiff to the specific money which was the subject of the action.   So in *Martin v. Sheridan*, 46 Mich. 93, the plaintiff was the actual owner of the fund.

The cases decided elsewhere cited by counsel are similar.   In *Brand v. Williams*, 29 Minn. 238, plaintiff and defendant held successive attachments.   The sheriff realized enough to pay all the attachments.   The defendant fraudulently induced the sheriff to pay over to him all the pro-

ceeds of the sale. It seems clear that the plaintiff had a right to the funds in the hands of the sheriff, and the defendant's appropriation of the fund was wrongful.

In *Bank v. Bank,* 19 Fed. Rep. 301, the money received was the avails of checks. The court said:

" The indorsement by plaintiff for collection was notice to all parties subsequently dealing with the checks that the plaintiff did not intend to transfer the title to the paper or *the ownership of the proceeds* to another."

No case has been cited by defendants' counsel, nor have we in our research found one, which goes the length of sustaining the contention of defendants. On the other hand, the cases of *Patrick v. Metcalf,* 37 N. Y. 332; *Butterworth v. Gould,* 41 Id. 450; and *Hathaway v. Town of Cincinnatus,* 62 Id. 444,—are not distinguishable in principle from the present. The rule is thus stated in *Hathaway v. Town of Cincinnatus:*

" When a debtor owes a debt which two persons not in privity with each other severally claim, and the debtor pays the debt to one in recognition of his claim and in repudiation of the claim of the other, and it turns out that the latter was the rightful claimant, he cannot recover of the former the money paid by the debtor."

The same rule is held in *Butterworth v. Gould,* in which case it was said: " In such case, moneys are not received by the defendant to the plaintiff's use."

In the present case it is not contended that there was any intention on the part of Tripp & Delaney to create any trust, or pay any money to the use of defendants. There was no title in the defendants to the fund, no trust created, and no privity between them and plaintiff. Moreover, the plaintiff was by the act of Tripp & Delaney in making payment of this claim disarmed, and could no longer pursue his debtor. It would be a manifest injustice to permit others to reap the fruits of plaintiff's diligence, and, in case of the insolvency of his debtor, deprive

him of all remedy, where, as in this case, he has in good
faith successfully pursued a legal remedy for the collection
of his debt.

The judgment will be affirmed, with costs.

The other Justices concurred.