JESSIE McKENZIE v. JAMES H. VANDECAR.

*Sale—Fraud—Evidence.*

1. Testimony competent for one purpose cannot be excluded because incompetent for another purpose.

2. Where, in an action by a mother to recover the purchase price of a stock of goods which she claims to have sold to the defendant through her son as her agent, the defense is that the goods were bought of the son as his property, it is competent for the defendant to show, in support of said defense, that plaintiff paid nothing for the goods, and that, whatever the arrangements were between plaintiff and her son, they were only a cover to conceal the property from the creditors of the son, who was the real owner of the goods.

Error to Lapeer. (Moore, J.)   Argued April 19, 1895. Decided April 30, 1895.

*Assumpsit.*   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*Stickney & Halpin* and *Charles F. Gates,* for appellant.

*Geer & Williams,* for defendant.

GRANT, J.   This suit was brought to recover the purchase price of a stock of goods, which plaintiff asserted she sold to defendant, through her son, as her agent. Defendant asserted that he did not know the plaintiff

in the transaction, but that he bought them from her son as his property, and that his contract of purchase was with the son, and not the plaintiff. After the purchase, the defendant had been garnished by the creditors of the son.

The error assigned is the admission of testimony showing that plaintiff paid nothing for the goods, and that, whatever the arrangements were between her and her son, they were only a cover to conceal the property from the creditors of the son, the real owner. The testimony offered tended to show that plaintiff was not the owner. It is no objection to its admission that it also tended to show that the transaction between her and her son was fraudulent as to creditors. Testimony competent for one purpose cannot be excluded because it is incompetent for another purpose. This case is not ruled by *Hosley v. Scott*, 59 Mich. 420. In that case Hosley bought the property of Mrs. Scott as the owner. The relation of vendor and vendee existed. In the present case, under defendant's evidence, he made no contract with plaintiff, but with another party, and he therefore had the right to contest her title, and introduce any testimony legitimately tending to show that it was in the person from whom he purchased, and not in her. The testimony was competent for that purpose.

Judgment affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.