AMERICAN TROTTING ASSOCIATION *v.* REYNOLDS.

PAYMENTS—RECOVERY—NECESSITY OF ASSIGNMENT.

The American Trotting Association is composed of local driving clubs and agricultural societies, and its by-laws provide, among other things, that each member shall pay all premiums won, unless properly withheld, and that any person obtaining a purse through fraud or error shall surrender it to the secretary of the association, if demanded by the member having paid it, or by the president or secretary of the association. *Held*, that the association could not maintain suit for purses fraudulently obtained where there had been no assignment to the association of the right of the local societies to sue.

Error to St. Clair; Tappan, J. Submitted July 21, 1905. (Docket No. 66.) Decided September 19, 1905.

Assumpsit by the American Trotting Association against

Felix Reynolds for money had and received. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

*William T. Mitchell* (*Stevens, Graham & Stevens.* of counsel), for appellant.

*Cady & Crandall*, for appellee.

MOORE, C. J. This case was commenced by attachment. The declaration is on all the common counts in assumpsit. The bill of particulars is for illegal earnings obtained by defendant at various races, the names and dates of which are given in the bill of particulars. It is the claim of plaintiff that defendant entered a horse under an assumed name at these races, in classes in which it was not entitled to trot, and illegally obtained purses to which he was not entitled. The defendant pleaded the general issue. The case was tried before a jury, which, by the direction of the circuit judge, returned a verdict in favor of the plaintiff. The case is brought here by writ of error.

Many assignments of error are made, one of them because the judge declined to direct a verdict for defendant. It appeared on the trial that the various sums of money obtained by defendant were paid out of the funds of the local societies. None of these societies assigned any claim it had against defendant to the plaintiff. It is claimed by plaintiff no assignment was necessary. The plaintiff is a corporation organized under the laws of this State for the declared purpose of improving "the breed of horses by promoting the interests of the American trotting turf." Act No. 18, Pub. Acts 1887.

The articles of association provide that—

"Any person, partnership, voluntary association, corporation, or any State, county, or town agricultural society, or other organization having control of a track and grounds for the trotting or pacing of horses, may with the approval of the board of directors become a member of this association on the payment of such annual dues, and

on such other terms and conditions as may be prescribed by the by-laws."

Section 31 provides:

"It shall be the duty of the members to rigidly enforce the by-laws, rules, and regulations of this association upon and in connection with their respective courses."

Section 32 provides:

"Each member shall, immediately after the close of a meeting, pay all premiums won, unless the same are properly withheld under the by-laws and rules of this association."

Among the "rules and regulations" are the following:

Rule 7: "Every entry shall constitute an agreement that the person making it, the owner, driver, and horse, shall be subject to the rules, regulations and by-laws of this association, and will submit all disputes and questions arising out of such entry to the authority and judgment of this association, whose decision shall be final."

Rule 31: "A person obtaining a purse or money through fraud or error shall surrender or pay the same to the secretary of this association, if demanded by the member or by the president or secretary of this association, or by order of the board of appeals, or he, together with the parties implicated in the wrong, and the horse or horses shall be suspended until such demand is complied with, and such purse or money shall be awarded to the party justly entitled to the same."

Rule 33: "Any horse that has been painted or disguised to represent another or different horse and shall have been entered in a class in which he does not belong shall forfeit the entrance money and be ruled out, and the guilty party and horse shall be fined, suspended or expelled."

It is claimed by virtue of these rules plaintiff could recover in this action, though the local societies, before the suit was brought, had made no assignment of their respective claims, and though no demand had been made upon defendant for a return of the money it is claimed he fraudulently obtained from them. It will be observed that section 32 provides the local society shall pay all premiums won, unless the same are properly withheld under the by-

laws and rules of the association. It nowhere appears in any of the rules and regulations that the plaintiff is entitled to the receipts of the local meetings, nor is it under obligation to pay any premiums. It is true that by virtue of Rule 31 in certain contingencies it shall be the duty of a person, on demand properly made, to pay to the secretary of the association any money obtained through fraud; but none of the contingencies provided in the rule are present here, and there is nothing to prevent the several local societies from bringing suit against defendant for the money. See *Davis* v. *Savings Bank*, 53 Mich. 163; *Corey* v. *Webber*, 96 Mich. 357.

Judgment is reversed, and new trial ordered.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.