62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles E. ZIMMER, Defendant-Appellant.
 No. 94-2038.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: MERRITT, Chief Judge, MARTIN, Circuit Judge, and BERTELSMAN, Chief District Judge.[1]
 PER CURIAM.
 
 
 1
 Police officers raided Charles E. Zimmer's home on February 14, 1992, and confiscated a number of marijuana plants and cuttings. Zimmer was indicted for manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1), pled guilty and was sentenced to 216 months. He appealed his sentence and this Court ordered the district court to resentence Zimmer based on the actual amount of marijuana seized. United States v. Zimmer, 14 F.3d 286 (6th Cir. 1994). The issue at resentencing was whether the marijuana cuttings were "plants." On September 6, 1994, after a lengthy evidentiary hearing, the district court found that Zimmer had possessed more than eight hundred plants. Zimmer was sentenced to twelve years, seven months imprisonment and five years supervised release based on a total offense level of 30 and a criminal history category of IV.
 
 
 2
 Claiming that the district court erred in calculating the number of marijuana "plants" he was growing, Zimmer appeals his sentence. He contends that the United States failed to prove by a preponderance of the evidence that he was raising 700 or more marijuana plants. We believe that the United States failed to carry its burden of proving that Zimmer was growing more than 699 plants, and thus we REVERSE and REMAND for resentencing.
 
 
 3
 The United States has the burden of proving, by a preponderance of the evidence, that each and every specimen is a plant for purposes of sentencing. United States v. Gessa, 57 F.3d 493 (6th Cir. 1995) (stating that the government bears the burden of proving the quantity of drugs chargeable to a defendant for sentencing purposes by a preponderance) (citing United States v. Robison, 904 F.2d 365, 371 (6th Cir.), cert. denied, 498 U.S. 946 (1990)). For a marijuana specimen to be counted as a "plant," it must have an identifiable root system. United States v. Edge, 989 F.2d 871, 878 (6th Cir. 1993) (holding that if a marijuana specimen has "readily observable evidence of a root formation," then it will be counted as a "plant").
 
 
 4
 Here, the district court clearly erred in finding that all of the specimens were plants. We believe the court erred because, even discrediting Zimmer's testimony, the United States did not carry its burden of proving by a preponderance that each of 386 "cuttings" in the black trays confiscated in the raid were "plants." The United States did not carry its burden of proving by a preponderance that enough of the cuttings had "roots" to sentence Zimmer for possessing more than 699 plants in total.
 
 
 5
 When another panel of this Court heard the appeal after remand in Edge, we were faced with another record where there was a great deal of uncertainty as to how many of the marijuana "cuttings" were "plants." 30 F.3d 134, 1994 WL 385191 (6th Cir. 1994) (unpublished). There, our review of the record convinced us that a preponderance of the evidence only supported a finding that Edge distributed a minimum of 100 plants, but not the 210 plants that the district court had found was involved. 1994 WL 385191 at ** 3. As we said in United States v. Walton, "when choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution." Walton, 908 F.2d 1289, 1302 (6th Cir.), cert. denied, 498 U.S. 990 (1990).
 
 
 6
 We believe that there is significant conflicting evidence in this case and that the United States did not prove by a preponderance that all of the cuttings were plants. Erring on the side of caution, our review of the record leads us to believe that it is more likely than not that at least 104 of the specimens did not have a root structure. Therefore, we REVERSE the defendant's sentence and REMAND for resentencing based on our conclusion that the United States carried its burden as to more than 400 of these plants, but not as to any number above 699.
 
 
 
 [1]
 Honorable William O. Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation